IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| RICHARD CALLAWAY,<br><br>Plaintiffs,<br><br>vs.<br><br>TERRIE STEFALO, et al.,<br><br>Defendants. | CV 18-00146-GF-BMM-JTJ<br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Plaintiff Richard Callaway, proceeding without counsel filed a Complaint pursuant to 42 U.S.C. § 1983 alleging Defendants violated his rights under the Religious Land Use and Institutionalized Persons Act (RLUIPA) 42 U.S.C. § 2000, et seq and the First and Fourteenth Amendments by denying Odinist inmates exclusive use of a fire-pit. (Complaint, Doc. 2.)  The Complaint fails to state a federal claim for relief and should be dismissed.

**I. STATEMENT OF THE CASE**

    **A.**    **Parties**

Mr. Callaway is a state prisoner proceeding in forma pauperis and without counsel.  According to the Montana Department of Corrections website, Mr. Callaway was paroled on February 6, 2019.  Mr. Callaway has not filed a notice of change of address as required by Local Rule 5.3.

1

Mr. Callaway names the following Defendants: Terrie Stefalo, Lynn Guyer, Jim Salmonson, Demetric Godfrey, Cynthia Wolden, Warden McTighe, and Chaplain Johnson. (Complaint, Doc. 2 at 1-2.)

### B. Allegations

Mr. Callaway alleges that since he has been incarcerated under the jurisdiction of Montana State Prison he has not been allowed to properly practice his religion. He claims he is an Odinist and Defendants are substantially burdening his religion by not providing an outdoor space and fire pit for the exclusive use of Odinist inmates. (Complaint, Doc. 2 at 6.)

## II. SCREENING PURSUANT TO 28 U.S.C. §§ 1915, 1915A

### A. Standard

Mr. Callaway is a prisoner proceeding in forma pauperis so the Court must review his Complaint under 28 U.S.C. §§ 1915, 1915A. Sections 1915A(b) and 1915(e)(2)(B) require the Court to dismiss a complaint filed in forma pauperis and/or by a prisoner against a governmental defendant if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A case is malicious if it was filed with the

intention or desire to harm another." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted).

Rule 8 of the Federal Rules of Civil Procedure provides that a complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed.R.Civ.P. 8(a)(2). That is, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). A complaint's allegations must cross "the line from conceivable to plausible." *Iqbal*, 556 U.S. at 680.

There is a two-step procedure to determine whether a complaint's allegations cross that line. *See Twombly*, 550 U.S. at 556; *Iqbal*, 556 U.S. 662. First, the Court must identify "the allegations in the complaint that are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679, 680. Factual allegations are not entitled to the assumption of truth if they are "merely consistent with liability," or "amount to nothing more than a 'formulaic recitation of the elements' of a constitutional" claim. *Id.* at 679, 681. A complaint stops short of the line between probability and the possibility of relief where the facts pled are merely consistent

3

with a defendant's liability. *Id.* at 678.

Second, the Court must determine whether the complaint states a "plausible" claim for relief. *Iqbal*, 556 U.S. at 679. A claim is "plausible" if the factual allegations, which are accepted as true, "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. This inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted). If the factual allegations, which are accepted as true, "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (*citing* Fed.R.Civ.P. 8(a)(2)).

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardu*, 551 U.S. 89, 94 (2007); *cf.* Fed. Rule Civ. Proc. 8(e) ("Pleadings must be construed so as to do justice").

   B. Analysis

      1. First Amendment

The First Amendment to the United States Constitution provides that

"Congress shall make no law respecting the establishment of religion, or prohibiting the free exercise thereof . . . " U.S. Const. amend. I. Inmates "retain protections afforded by the First Amendment," including the free exercise of religion. *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987). However, "'[l]awful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system.' " *Id.* (*quoting Price v. Johnson*, 334 U.S. 266, 285 (1948)).

To implicate the Free Exercise Clause, a belief must be both sincerely held and rooted in religious belief. *Shakur v. Schriro*, 514 F.3d 878, 884–85 (9th Cir. 2008). "In order to reach the level of a constitutional violation, the interference with one's practice of religion 'must be more than an inconvenience; the burden must be substantial. . . .'" *Freeman v. Arpaio*, 125 F.3d 732, 737 (9th Cir. 1997) (*quoting Graham v. C.I.R.*, 822 F.2d 844, 851 (9th Cir.1987)) *overruled on other grounds by Shakur*, 514 F.3d at 884–85.

The Court will assume for purposes of this Order, the sincerity of Mr. Callaway's belief in the importance of practicing in a separate outdoor area. However, Mr. Callaway has not alleged sufficient facts to establish that his religious exercise has been substantially burdened by the failure to provide an exclusive Odinist worship grounds. The burden of providing a separate worship

5

area for every minority religion is self-evident. Mr. Callaway alleges that

> he cannot practice his religion without a sacred space outside with a fire pit consecrated and dedicated to his gods, not another religion, and that requiring vastly different religions to share this sacred space not only violates his rights but presents him with a Hobsons Choice between not practicing his religion at all or offending a large group of people, likely leading to violence.

(Complaint, Doc. 2 at 3, ¶ 26.) But despite these allegations, he has not alleged facts to support his claim that he was denied "all means of religious expression," or that he has been unable to practice his religion as a result of the obligation to share worship grounds with other faiths. *See Ward v. Walsh*, 1 F.3d 873, 877 (9th Cir. 1993), *citing O'Lone*, 482 U.S. at 351–52; *Pierce v. County of Orange*, 526 F.3d 1190, 1209 (9th Cir. 2008) (denial of all access to religious worship opportunities can violate the First Amendment). Mr. Callaway admits that Crossroads provided a time slot for group worship for Odinists and the availability of the multi-use fire pit area. Mr. Callaway does not allege that he cannot hold blots at all as a result of the less-than-ideal worship conditions at Crossroads. Therefore, he failed to establish that his free exercise was substantially burdened by the denial of access to a separate worship area.

### 2. RLUIPA

RLUIPA provides that "no government shall impose a substantial burden on

the religious exercise of a person residing in or confined to an institution" unless the government shows that the burden furthers "a compelling government interest" by "the least intrusive means" available. 42 U.S.C. § 2000cc-1(a). Under RLUIPA, the plaintiff bears the initial burden of persuasion on whether a challenged prison policy substantially burdens their exercise of religion. 42 U.S.C. § 2000cc–2(b). *Hartmann v. California Dept. of Corrections and Rehab.*, 707 F.3d 1114, 1124 (9th Cir. 2013).

RLUIPA does not authorize money damages against state officials, regardless of whether they are sued in their official or individual capacities. *See Jones v. Williams*, 791 F.3d 1023, 1031 (9th Cir. 2015). The only relief Mr. Callaway may obtain under RLUIPA is injunctive relief but according to the Montana Department of Corrections website Mr. Callaway has been paroled and therefore his claims for injunctive relief are moot. *Id.* (finding plaintiff's claims for injunctive relief pursuant to RLUIPA moot because plaintiff had been released from custody); *see also Preiser v. Newkirk*, 422 U.S. 395, 402-03 (1975); *Johnson v. Moore*, 948 F.2d 517, 519 (9th Cir. 1991) (per curiam); *see also Andrews v. Cervantes*, 493 F.3d 1047, 1053 n.5 (9th Cir. 2007).

### III. CONCLUSION

28 U.S.C. §§ 1915, 1915A require a court to dismiss a complaint that fails

to state a claim upon which relief may be granted, but these statutes do not deprive the district court of its discretion to grant or deny leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). The Court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d. at 1127 (*quoting Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). Mr. Callaway's Complaint fails to state a claim upon which relief may be granted. The defects set forth above could not be cured by the allegation of additional facts. Accordingly, the Court recommends that this matter be dismissed.

Based upon the foregoing, the Court issues the following:

### RECOMMENDATIONS

1. This matter should be DISMISSED for failure to state a federal claim.

2. The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. No reasonable person could suppose an appeal would have merit. The record makes plain the Complaints lack arguable substance in law or fact.

4. The Clerk of Court should be directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g).

**NOTICE OF RIGHT TO OBJECT TO FINDINGS &
RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

Mr. Callaway may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[1] 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 21st day of May, 2019.

/s/ John Johnston
John Johnston
United States Magistrate Judge

---

[1] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)." Therefore, since Mr. Callaway is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.